Statement of Facts.

No. 2,067.

S. H. MERRITT, RESPONDENT, v. A. K. P. GLIDDEN et al., APPELLANTS.

PRACTICE.—DEFECTIVE COMPLAINT.—When a complaint is defective in form, but not in substance, such defect can only be reached by demurrer, on the ground that the complaint is unintelligible or uncertain.

ADJUDICATION OF BANKRUPTCY.—EFFECT ON PENDING APPEAL.—The filing in the appellate Court of an adjudication of the bankruptcy of the defendant, rendered by the Register of the United States District Court, after the appeal is taken, will not have the effect to stay the proceedings on the appeal.

UNITED STATES BANKRUPT ACT.—FINAL JUDGMENT.—A judgment of the Court below, from which an appeal is pending, is a final judgment, in contemplation of Section 21 of the United States Bankrupt Act,

APPEAL from the District Court of the Fourth District, City and County of San Francisco

This is an action for freight on a cargo of lumber, shipped by plaintiff for defendants, at Port Orchard, Washington Territory, and duly delivered in San Francisco by plaintiff, under a charter party of affreightment, executed by the parties at Port Orchard, prior to the loading of the vessel.

The complaint sets out as the cause of action that, "by a certain charter party of affreightment," etc., between plaintiff, master of the bark *Vidette*, and the defendants, it was witnessed that the plaintiff agreed to charter the bark *Vidette* to the defendants, to take on board a cargo of lumber at Port Orchard, for San Francisco, in California, in consideration whereof, the defendants agreed to furnish a full cargo of lumber to said bark, and to receive the said cargo in San Francisco, as fast as delivered, and to pay a freight of nine dollars, in United States gold coin, per thousand feet, to plaintiff or his agent, for every thousand feet taken on board at Port Orchard.

After averring the receipt of the lumber on board the bark, and its delivery in San Francisco in accordance with the terms of the alleged charter party, plaintiff then alleges due performance by him, of all the conditions and agreements of said charter party by him to be performed and fulfilled, "and that the sum of money to be paid to the plaintiff," etc., amounted to the sum of $5,516 95, of which defendants had notice, etc.; and that, although often requested, defendants have not paid, nor has either of them

paid, the said sum, or any part thereof, to plaintiff, except the sum of $1004 69, paid in lumber. Plaintiff therefore prays judgment for the sum of $4,512 26, in gold coin of the United States.

On the trial, the plaintiff proved the execution of the charter party referred to in the complaint, the delivery of the cargo in San Francisco, and its receipt by the defendants.

After the close of plaintiff's testimony, the defendants moved for a nonsuit, on the following grounds :

*First*—That the complaint does not state facts sufficient to constitute a cause of action.

2d. Because it is nowhere alleged in the complaint, that any contract was ever made or executed between the parties.

3d. Because it is nowhere alleged in the complaint, that any contract was ever delivered between the parties.

4th. Because it is nowhere alleged in the complaint that the cargo of lumber mentioned therein, was ever transferred from Port Orchard to San Francisco, or elsewhere, or at all, under the contract offered in evidence, or any other.

5th. Because it is nowhere alleged in the complaint, that defendants ever agreed to pay plaintiff anything for transporting said cargo of lumber, nor is it alleged, nor does it appear, what the service was worth, if anything.

*Second*—Because it is not proven that any contract was ever made, executed or delivered, between the parties, or any of them.

*Third*—Because it was not proven that the cargo of lumber, in the complaint mentioned, was ever transported from Port Orchard to San Francisco, under the contract.

*Fourth*—Because it was not proven what was the value of the transportation of said cargo from said Port Orchard to San Francisco.

The motion for nonsuit was overruled.

Defendants then introduced in evidence a bill of lading, signed by the plaintiff, for the cargo of lumber shipped at Port Orchard, to be delivered in San Francisco, reserving freight at the rate of nine dollars per thousand feet, but not specifying that the freight was payable in gold coin.

The Court rendered judgment for the plaintiff, for the amount claimed in the complaint.

Defendants moved for a new trial, which motion was over-ruled, and defendants appealed.

The other facts are stated in the opinion.

*Bishop & Gerald,* for Appellants :

*First*—The allegation of the complaint is, that "by a certain charter party of affreightment, *then and there made,* * * * it was witnessed"——

It does not say that any contract ever was made. The fact is simply recited—nothing more—and is nowhere directly alleged.

The case of *St. Clair Denver* v. *Burton* (28 Cal. 550), is directly in point.

In the case of *Stringer* v. *Davis* (30 Cal. 320), the Supreme Court affirmed the doctrine laid down in *Denver* v. *Burton,* (*supra.*)

There is no allegation in the complaint that the contract was delivered; nor is there any of proof that it ever was delivered. This is a fact material to plaintiff's case, as much so as the fact of the execution of the contract. (*Barron* v. *Frink,* 30 Cal. 480 ; *Bartlett* v. *Crozier,* 17 John. 457 ; *Russel* v. *Byron & Ford,* 2 Cal. 86 ; *Gregory* v. *Ford,* 14 *Id.* 142 ; *Himmelman* v. *Danos,* 35 *Id.* 441.

*Second*—Even if the charter party were properly alleged and proven, the bill of lading, which does not call for gold coin, supersedes it.

The bill of lading was made by the plaintiff himself, subsequent to the execution of the charter party at Port Orchard, and delivered to the defendants before sailing. On the arrival of the vessel here, it was presented to plaintiff by the defendant, Glidden, and he received the cargo under it.

The words "final judgment," as used in the Bankrupt Law, mean a final and complete adjudication of the subject-matter of the action—a judgment which cannot be appealed from.

The judgment of the District Court, though final in refer-

ence to the Court in which it was rendered, was not final in reference to the subject-matter of the controversy. A "final judgment" may be a judgment final in the Court which renders it, or it may be final as to the subject-matter of the controversy. The latter is the broader definition, and includes the former. (*United States* v. *Schooner Peggy,* 1 Crouch, 37; *Snell* v. *The Bridgewater C. G. Manufacturing Co.* 24 Pick. 296; *Hills* v. *Sherwood,* 33 Cal. 478.)

*Barstow & Garber,* for Respondents.

*First*—The complaint is good, according to the well-established rules of common law pleading. (*Smith* v. *Scott,* 95 E. C. L. 771; *Wilcox* v. *Haswell,* E. C. L. 72; *King* v. *Sutton,* 1 Wm. Saunders, 274; *Spear* v. *Bichnell,* 5 Mass. 125; *Brymer* v. *The Thomas,* etc., 2 Exchequer, 548. See, also, 2 Chitty on Pleading, marginal page 221, for the form after which the complaint was framed.)

The old forms of pleading have always been held sufficient by this Court. (*Wilkins* v. *Stidger,* 22 Cal. 235; *Abadie* v. *Carillo,* 32 *Id.* 172; *Freeborn* v. *Elozer,* 10 *Id.* 337.)

In debt on a charter party, it was held good pleading to say, by a certain charter party it was witnessed "*testatum existit.*" (*Jones* v. *Weaver,* Dyer, 118; *Bullivant* v. *Holman,* —James, 637; Stephens on Pleading, Rule V. p. 389.)

"In declarations, whether in debt or covenant, it is sufficient to say 'it is witnessed,' for it is only inducement to the action, contra in pleas or avowries; but even then it is good on general demurrer." (*King* v. *Sutton, supra.*)

The objection was waived by failing to demur to the complaint. The defect, if any, is one of form, not of substance. "A defectiveness of such pleading is not in the matter pleaded, but in the manner of pleading it; and it is therefore only a fault in form." (Gould's Pleadings, Chap. 3, Sec. 30.)

In a declaration, a material allegation by way of recital, is amendable, and is ill only on a special demurrer. (2 Salk. 636; 1 Chitty's Pleadings, 375; 1 Wils. 99; 2 Mass. 358; 7 Johns. 109.)

The defect being not in the matter alleged, but in the manner of alleging it. (Gould, Chap. 3, Sec. 33.)

So, under our Practice Act, this is not an objection that the complaint does not state facts sufficient, etc., but that it does not state them in proper form. (*Wilkins* v. *Stidger*, 22 Cal. 235; *Spear* v. *Bicknell*, 5 Mass. 125.)

The objection that the facts are stated by way of recital, can only be taken by special demurrer. (*Ring* v. *Roxborough*, 2 C. & J. 420; *Spencer* v. *Southwick*, 9 Johns. 316; *St. Johns* v. *Northrop*, 23 Barb. 30; *Castro's Exr.* v. *Armesti*, 14 Cal. 38; *Mills* v. *Gleason*, 21 Cal. 279; *Garcia* v. *Satrustegui*, 4 Cal. 244.)

Whatever is good -pleading at common law, is good here. (*Abadie* v. *Carillo*, 32 Cal. 175, and cases cited.)

Another objection urged against the complaint is, that it fails to show that the charter party was ever delivered. An allegation of delivery of such an instrument, is unnecessary. (*Russell* v. *Whipple*, 2 Cowen, 536

Where several instruments relate to the same transaction, the proper mode of construction is to take them together. (*Carman* v. *Fowler*, 24 E. L. & E. 328; *Stacy* v. *Randall*, 17 Ill. 426.)

There is no discrepancy between the charter party and the bill of lading; one mentions nine dollars in gold, and the other simply nine dollars. In that respect, the two are exactly alike in contemplation of law. (*Reese* v. *Stearns*, 29 Cal. 273.)

But the bill of lading is not signed by the defendants; so that if it did provide that payment should be made in gold, it would not be binding on them.

*Second*—The term "final judgment," as used in this section, is the judgment from which this appeal is taken. The action had been prosecuted to final judgment long before proceedings in bankruptcy had been instituted. The appellants have procured a stay of proceedings on it by taking this appeal; but their act does not render it any the less final, nor will it be any more a final judgment, if affirmed by this Court. If it were not a final judgment, no appeal would lie from it. (*Loring* v. *Illsley*, 1 Cal. 24; *Belt* v. *Davis*,

1 Cal. 134; 33 Cal. 474; 24 Cal. 334; 34 Cal. 167 ; 28 Cal. 416.)

Rhodes, C. J., delivered the opinion of the Court :

The complaint is sufficient. It accords substantially with the forms given in Chitty on Pleading; and, according to the authorities cited by the plaintiff, it would be regarded as sufficient at common law. Should it be considered defective, under the rules of the Code, the defect is in matter of form and not of substance—not in the matter alleged, but in the manner in which it is alleged. Such defect can be reached only by demurrer, on the seventh ground mentioned in Section 40—that the complaint is unintelligible or uncertain.

After the cause was submitted to this Court, on briefs to be filed, the counsel for the defendants, who are the appellants, filed in this Court an adjudication of the bankruptcy of the defendants, rendered by the Register of the District Court of the United States for the District of California, after the appeal was taken. The purpose is, to have the proceedings in this Court stayed, until the question of the defendant's discharge shall be determined.

The Bankrupt Act (14 U. S. Statutes, p. 526, Sec. 21), provides that "no creditor whose debt is provable under this Act, shall be allowed to prosecute to final judgment, any suit at law, or in equity therefor, against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceeding, shall, upon the application of the bankrupt, be stayed to await the determination of the Court in Bankruptcy, on the question of the discharge, provided there be no unreasonable delay on the part of the bankrupt, in endeavoring to obtain his discharge."

No authorities are cited by counsel, which throw any light on the question, whether an adjudication of the bankruptcy of a party, against whom a judgment had been rendered, would have the effect to stay proceedings on an appeal, which had been taken by him from the judgment.

The judgment from which the appeal is taken is, in our

opinion, final, in the sense of the statute. It was not, we think, the purpose of the statute, to suspend the right of the plaintiff to maintain in the appellate Court, the correctness and validity of a judgment, from which the bankrupt might choose to take an appeal, until the determination of the question of the discharge of the bankrupt. To give the statute that construction, would place it in the power of the bankrupt to delay, and thus defeat, remedies to which the plaintiff was entitled, and that, too, in cases where the appeal would be dismissed on motion of the plaintiff.

Judgment affirmed.